GUNDERSON LAW FIRM
Mark H. Gunderson, Esq.
Nevada State Bar No. 2134
mgunderson@gundersonlaw.com
Austin K. Sweet, Esq.
Nevada State Bar No. 11725
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
*Attorneys for Janet Brown, Laura Melendez, John Bradley Brown, the Estate of Johnny Brown aka John Brown, and Flying Start Aero, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JANET BROWN, an individual; LAURA MELENDEZ, an individual; and JOHN BRADLEY BROWN, an individual,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant.<br>_____/<br><br>AND CONSOLIDATED CASES<br>_____/<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Third-Party Plaintiff,<br>　　vs.<br><br>ESTATE OF JOHNNY BROWN aka JOHN BROWN and FLYING START AERO, LLC.<br><br>　　　　　　Third-Party Defendants.<br>_____/ | 3:19-cv-00207-MMD-WGC<br><br>**ORDER RE STIPULATION REGARDING REMOTE DEPOSITIONS**<br><br>MEMBER CASES:<br>3:19-cv-383-MMD-WGC<br>3:19-cv-418-MMD-WGC<br>3:19-cv-424-MMD-WGC |

1

Pursuant to Fed. R. Civ. P. Rule 30(B)(4), the parties to this consolidated case stipulate and agree to taking depositions by remote means as a result of the ongoing COVID-19 pandemic in accordance with the following rules and procedures:

1. The applicable Federal Rules of Civil Procedure and District of Nevada Local Rules shall be followed at all times.

2. Remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of deposition on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

3. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, it is not necessary for the court reporter to be physically present with the witness whose deposition is being taken, so long as the court reporter has a clear connection and can accurately hear all parties at all times during the deposition. The court reporter's transcript shall constitute the official record.

4. The Parties will consider ordering real-time transcripts. This will allow the Parties to read the questions and answers as the court reporter is recording them should there be any audio problems during the remote deposition.

5. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness remotely via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

6. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

7. If the deposition notice states that the deposition may be video recorded, the court reporter shall video record the deposition using the recording function of the videoconferencing platform. Alternatively, if a videographer is used and not present with the witness, the videographer

may control the recording function of the platform. The court reporter or videographer shall also announce each time he/she has activated and deactivated the record function on the videoconferencing platform.

8. If the court reporter controls the video recording, the Parties agree not to challenge the validity of the recordings because a videographer did not control the recordings.

9. Due to the altered pace of a remote deposition, the Parties agree to extend the on-record deposition time to 7.5 hours.

10. Depositions will be scheduled at a mutually agreeable time, but no later than 10 am pacific for the first deposition of the day unless otherwise agreed by the Parties. When agreeing to a time for the deposition, the parties will consider the time zone differences among the various participants.

11. No other attendees other than the parties to the subject lawsuit, their respective litigation teams (including counsel, support staff, and expert witnesses), and counsel for the witness, shall be allowed to participate in the remote deposition without prior consent of all counsel. This includes appearing individually within the video conference platform and/or being present within the room where the attendee is viewing the video conference deposition.

12. Unless otherwise agreed upon by the Parties, the deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each ensure their environment is free from noise and distractions. If the Parties agree, and if the witness or any other participant is unable to attend by videoconference despite reasonable best efforts to do so, that participant may appear telephonically (i.e., by audio only). Nothing in this paragraph shall prevent anyone from participating in the videoconference deposition from the same location as their counsel should they agree to do so, so long as each person attending the deposition is visible to all other participants, their statements are audible to all participants, and such participation does not create feedback or an "echo" on the videoconference.

13. The witness and all counsel or parties appearing on the record shall state their appearances clearly for the record, and they shall not disable their cameras or go off camera during the deposition unless there is a break or unless they are necessarily appearing by telephone pursuant to Paragraph 12.

14. The witness will turn off his or her cell phone, smart watch, or similar device, when the deposition is on the record. Should the witness lose his or her connection during the deposition, the witness may use his or her cell phone if necessary to contact the court reporter and reestablish the connection, but shall turn his or her cell phone back off before going back on the record.

15. If background noise or feedback is a problem, the participants will mute their audio, except when examining the witness, voicing an objection, responding to an objection, providing information, or making a statement for the record.

16. The witness will be sitting close enough to the camera to detect facial expressions and other body language. The camera will be focused on the witness.

17. While the deposition is on the record, no person shall engage in a private conference with the witness in any way whatsoever, including through text messages, electronic mail, or the chat function of the videoconferencing system.

18. If a connection is lost, the parties will go off the record until the problem is resolved. A lost connection will not count toward the time limit for the length of the deposition.

19. The Parties will work collaboratively and in good faith with the court reporter to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a remote deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

///

20. At least 15 minutes before the start of the deposition, the court reporter will conduct a technology check with all participants. The technology check will determine if all microphones work, connections are stable, and cameras are sufficient.

21. As needed by each Party, the court reporter will conduct a separate technology test a day or more before the deposition to allow the Parties to test the planned use of software and display of exhibits.

22. Regarding the exchange and use of exhibits:

(i) Unless otherwise agree, at least five (5) days prior to the deposition, counsel noticing the deposition shall distribute to all other parties and/or their counsel an anticipated list of documents that may be introduced as exhibits during the deposition. Within two (2) days of receipt of this list, any other party or counsel planning to introduce exhibits at the deposition shall distribute to all other parties and/or their counsel an anticipated list of any additional documents they may introduce as exhibits during the deposition. The list of documents shall include Bates numbers or other information clearly identifying the document. The purpose of this exchange is to attempt to streamline the exchange and use of exhibits for this remote deposition and to avoid the exchange of duplicative exhibits.

(ii) Unless otherwise agreed, any party or counsel planning to introduce exhibits during the deposition shall send electronic copies of the documents to counsel for all parties, the deponent (with the permission of his/her counsel), and the court reporter. The documents shall be sent via a cloud-based file sharing program, compressed .zip files, or by other reasonable methods. The documents shall be delivered by 12:00 pm PT/PST the business day before the deposition. All counsel, the deponent, and the court reporter shall confirm receipt of the documents by electronic mail.

(iii) The purpose of this process is to attempt to streamline the exchange and use of exhibits: this process is not intended to provide prior disclosure or notice of potential deposition exhibits to the deponent or the other parties. No document may be excluded from the deposition,

and no objection may be made at the deposition, on the grounds that the document was not identified and circulated as provided in this Section 22.

(iv) Counsel may introduce exhibits electronically during the deposition, by using the court reporter's document-sharing technology, by using the screen sharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.  During the deposition, if practical, or immediately following the deposition, Counsel will provide electronic copies of all exhibits shared in this manner to the court reporter and counsel for the parties.

(v) Counsel will endeavor to pre-mark exhibits and number them sequentially across all depositions in this case.

23. Prior to the remote deposition, Counsel will discuss how to mark exhibits.

24. The witness will read and sign his or her deposition and complete an errata sheet.

25. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties.  The Party noticing any third-party deposition shall provide this Stipulation to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.  Counsel for the non-party should alert deposing Party of any issue complying with this stipulation no later than three (3) days before the deposition.

///
///
///
///
///
///
///
///

26. Counsel will work together, be willing to discuss suggestions or alternative methods conducting remote depositions, including the handling of exhibits, and be flexible in light of any safety or health concerns involving the Covid-19 pandemic.

| | |
|---|---|
| DATED this 2nd day of September, 2020.<br>GUNDERSON LAW FIRM<br><br> /s/ Mark H. Gunderson, Esq.<br>Mark H. Gunderson, Esq.<br>Nevada State Bar No. 2134<br>Austin K. Sweet, Esq.<br>Nevada State Bar No. 11725<br>*Attorneys for the Brown Family, the Estate of Johnny Brown aka John Brown, and Flying Start Aero* | DATED this 2nd day of September, 2020.<br>JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division<br><br>NICHOLAS A. TRUTANICH<br>United States Attorney<br><br>GREG ADDINGTON<br>Assistant U.S. Attorney |
| DATED this 2nd day of September, 2020.<br>MATTHEW L. SHARP, LTD.<br><br>/s/ Matthew L. Sharp, Esq.<br>Matthew L. Sharp, Esq.<br>Nevada State Bar No. 4746<br>*Attorney for Carrie Romo, as the parent and guardian ad litem for J.E. and B.E.*<br>Case No. 3:19-cv-00383-MMD-WGC | /s/ Robert J. Gross, Esq.<br>Robert J. Gross, Esq.<br>Senior Trial Counsel<br>Jennifer A. Maceda, Esq.<br>Trial Attorney<br>Aviation, Space & Admiralty Litigation<br>U.S. Department of Justice<br>*Attorneys for United States of America* |
| DATED this 2nd day of September, 2020.<br>THE BRANDI LAW FIRM<br><br> /s/ Daniel Dell'Osso, Esq.<br>Daniel Dell'Osso, Esq.<br>Nevada State Bar No. 9790<br>*Attorney for Dustin Elliker and Katelynn Hansen*<br>Case No. 3:19-cv-00424-LRH-WGC | DATED this 2nd day of September, 2020.<br>ECHEVERRIA LAW OFFICE<br><br> /s/ John Echeverria, Esq.<br>John Echeverria, Esq.<br>Nevada State Bar No. 200<br>*Attorney for Megan Romo Elliker, individually and as the Executor of the Estate of James Elliker*<br>Case No. 3:19-cv-00418-LRH-CBC |

IT IS SO ORDERED.

DATED: September 3, 2020.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE