UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANET BROWN, LAURA MELENDEZ, and JOHN BRADLEY BROWN,<br><br>  Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant.<br><br>AND CONSOLIDATED CASES<br><br>UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br>v.<br><br>ESTATE OF JOHN BROWN AND FLYING START AERO, LLC,<br><br>  Defendant. | Case No. 3:19-cv-00207-MMD-CSD<br><br>Member cases:<br>3:19-cv-00383-MMD-WGC<br>3:19-cv-00418-MMD-WGC<br>3:18-cv-00424-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This consolidated tort action stems from an airplane accident near Sparks, Nevada, when a Beechcraft A-36 Bonanza N985CA ("Bonanza") piloted by John Brown crashed, killing both Brown and his sole passenger, James Elliker. Bench trial is set on the Court's June 20, 2022 trial stack. (ECF No. 115.) Before the Court is the Brown Parties'[1] motion in limine, seeking to exclude (1) "all evidence and argument that the accident flight was operating as an illegal charter flight"; and (2) testimony of the United States' expert witness Warren V. DeHaan. (ECF No. 98 ("Motion").) For the reasons discussed herein, the Court denies the Motion.

---

[1] The Court adopts the parties' abbreviated reference to the Brown Parties. (ECF No. 98 at 1.)

The Brown Parties filed a reply in support of their Motion. (ECF No. 104.) The Court grants the United States' motion to strike the reply (ECF No. 105) because it was filed without leave of court. While the Brown Parties acknowledged that leave of court is required under LR 16-3(a), they contend that they filed the reply as directed by the reply filing deadline automatically generated via CM/ECF by the filing of the United States' response to the Motion (ECF No. 103). (ECF No 106 at 1.) However, that deadline is automatically generated while LR 16-3(a) is clear that "[r]eplies will be allowed only with leave of court." Because the Court has not granted leave for a reply to be filed, nor does the Court deem a reply needed, the Court will strike the reply.

## II.   LEGAL STANDARD

A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, the evidence must be "inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

## III.   DISCUSSION

The Court will address the two categories of evidence that the Brown Parties seek to exclude in turn below.

///

///

### A. Evidence Re Illegal Charter Flight

The Brown Parties contend that evidence and argument relating to whether the flight was operated illegally due to the manner in which Brown and Elliker arranged payment for the flight is irrelevant under Federal Rule of Evidence 402, and moreover should be excluded under Federal Rules of Evidence 403 and 404(b)(1). (ECF No. 98 at 4-8.) The Court agrees with the United States that the admissibility of this evidence is best deferred to be decided during the bench trial when the Court has heard more evidence. *See United States v. 400 Acres of Land*, Case No. 2:15-CV-01743-MMD-NJK, 2020 WL 104675, at *2 (D. Nev. Jan. 8, 2020) (quoting *Shaw v. Citimortgage, Inc.*, Case No. 3:13-CV-0445-LRH-VPC, 2016 WL 1659973, at *3 (D. Nev. Apr. 26, 2016) ("Generally, a motion in limine based solely on relevance or unfair prejudice is improper when the matter is set for a bench trial.").) The Court will therefore deny the Motion as it relates to evidence of the charter flight being operated illegally.

### B. DeHaan's Testimony

The Brown Parties advance two objections to the United States' expert witness Warren V. DeHaan under Federal Rule of Evidence 702.[2] First, the Brown Parties argue that DeHaan, an optometrist and a pilot, essentially offers lay opinions because his opinions have no relationship to his expertise and does not qualify him to opine as to what was within Brown's field of vision. (ECF No. 98 at 11-12.) Second, the Brown Parties insist that DeHaan's opinions are not grounded in any scientific principles or methodology, and is therefore unreliable under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). (ECF No. 98 at 12.) The Court finds neither objection to be persuasive, and will address the latter objection first.

In *Daubert*, the Supreme Court held that scientific testimony must be reliable and relevant to be admissible. 509 U.S. at 589. The Court subsequently clarified that *Daubert's*

---

[2] In summarizing DeHaan's anticipated testimony, the Brown Parties appear to raise relevance in generally contending that his opinions do not meet Rule 702's admissibility requirements. (ECF No. 98 at 10-11.) The Court defers addressing any relevance objection.

3

principles also apply to technical and specialized knowledge. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). The trial court has "considerable leeway" in deciding how to determine the reliability of an expert's testimony and whether the testimony is in fact reliable. *Id.* at 152. The "test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* at 141. Moreover, the Ninth Circuit has emphasized that "Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony." *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001) (citations and internal quotation marks omitted). "An expert witness—unlike other witnesses—is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation, so long as the expert's opinion has a reliable basis in the knowledge and experience of his [or her] discipline." *Id.* (citations and internal quotation marks omitted).

As the United States pointed out in terms of DeHaan's qualification, DeHaan has been qualified as an expert in the field of visual perception, is educated in the field of applied physiological optics, and has over 50 years of experience as a pilot. (ECF No. 103 at 18.) DeHaan explained that he performed his analysis and reached his opinions based on several areas, including "physiological optics (vision science)." (ECF No. 98-4 at 6.) Vision science, as DeHaan explained, refers to "[t]he study of this threefold human visual perception process involves analyzing the light reflecting from and/or produced by the objects in the scene, the collection of light by the eye, and mental processing of the information sent by the eyes to the brain." (*Id.*) DeHaan thus explained the methodology he utilized in reaching his opinions.

As to the Brown Parties' first objection, the Court agrees with the United States that DeHaan's opinion is grounded in his expertise and the issues in this case. DeHaan in gist opined that his "analysis the FedEx 757 was well within Mr. Browns field of view for a considerable length of time and would have and should have been acquired by simply

4

looking out the windows." (ECF No. 98-4 at 11.) DeHaan referenced several allegations in the complaint and provided his opinions in response to those allegations. (*Id.* at 7.) Clearly, DeHaan's opinions are related to the issues in this case, including whether Brown acted within the standard of care as a pilot.

In sum, the Court agrees with the United States and rejects the Brown Parties' challenges to DeHaan's testimony as an expert witness.

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Brown Parties' motion in limine (ECF No. 98) is denied.

It is further ordered that the United States' motion to strike (ECF No. 105) is granted.

The Clerk of Court is directed to strike the Brown Parties' reply brief (ECF No. 104).

DATED THIS 4th Day of February 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE