UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANET BROWN, *et al.*,<br><br>                              Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>                              Defendant.<br><br>AND CONSOLIDATED CASES AND THIRD PARTY ACTION | Case No. 3:19-cv-00207-MMD-CSD<br><br>Member cases:<br>3:19-cv-00383-MMD-WGC<br>3:19-cv-00418-MMD-WGC<br>3:18-cv-00424-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This consolidated tort action stems from an airplane accident near Sparks, Nevada, when a Beechcraft A-36 Bonanza N985CA piloted by John Brown crashed, killing both Brown and his sole passenger, James Elliker. This case is set for a bench trial that will begin on July 5, 2022. (ECF No. 128.) Before the Court is Defendant the United States of America's motion in limine to exclude the testimony of Plaintiffs Dustin Elliker, Katelyn Hansen, Jocelyn Elliker, and B.E., a minor (collectively "Elliker Children")'s expert witness Richard Pimentel, C.P.A. (ECF No. 125 ("Motion")),[1] along with a corresponding, unopposed motion to seal (ECF No. 127).[2] Primarily because Pimentel's testimony is

---

[1] Elliker Children filed a response. (ECF No. 129.)

[2] Elliker Children do not oppose the motion to seal (ECF No. 130), which seeks to file three pages of Pimentel's report either under seal or redacted (ECF No. 127 at 4). However, the government does not appear to have filed those three pages under seal for the Court's review. (ECF Nos. 125-7, 127, 127-1.) The Court accordingly denies the government's unopposed motion to seal because there is nothing to seal. The Court further directs counsel for the parties to review LR IA 10-5 regarding sealed documents. If the government's counsel had followed that rule, they would have filed a copy of the pages

relevant and may be admissible as to Elliker Children's "loss of probable support" theory of damages under NRS § 41.085(4)—and as further explained below—the Court will deny the Motion.

## II.     LEGAL STANDARD

A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, the evidence must be "inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citation omitted). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S.*

---

they sought to file under seal as a sealed exhibit (or exhibits) to their motion to seal. *See id.*

*v. Gonzalez-Flores,* 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997)).

## III. DISCUSSION

The government seeks to exclude Pimentel's report because his "opinions of the alleged value of Victory Woodworks at decedent Elliker's projected retirement age is not relevant to the loss of support claims of the Elliker children because such a remedy does not exist under Nevada's Wrongful Death Act as a matter of law." (ECF No. 125 at 6.) Elliker Children counter the Motion should be denied because it was untimely filed and, substantively, Pimentel's report is relevant because it values Elliker's business, Victory Woodworks, assuming he had not died, a necessary component of the "loss of probable support" damages Elliker Children seek. (ECF No. 129 at 6.) Timeliness aside,[3] the Court agrees with the substance of Elliker Children's argument.

Indeed, Pimentel's report appears to be[4] a sufficiently relevant component of Elliker Children's potential damages for "loss of probable support" under NRS § 41.085(4) such that the Court will deny the Motion. But the Court stresses it is a mere component. As Elliker Children argue, there are two potential sources of money that Elliker could have used to support his children—any salary or other benefits he would have been paid by Victory Woodworks, and the value of his ownership stake in the business, to the extent he could have sold it or otherwise generated additional money from his ownership of the business. Pimentel's report appears to go to the value of Elliker's ownership stake in Victory Woodworks in the hypothetical future that tragically will not come to pass because

---

[3]At the time the government filed the Motion, trial was set for June 21, 2022. (ECF No. 120.) The government filed the Motion on May 20, 2022. (ECF No. 125.) The Motion was accordingly timely filed, as it was filed more than 30 days before trial was set to start at the time. (ECF No. 116 at 1 (providing that motions in limine must be filed no later than 30 days before trial).) Moreover, the Court ordered that the trial would commence July 5, 2022, on May 25, 2022, before Elliker Children had even filed their response to the Motion. (ECF Nos. 128 (hearing minutes resetting trial date), 129 (response filed June 3, 2022).) The Court accordingly rejects Elliker Children's timeliness argument. (*Id.* at 2, 6.)

[4]As mentioned *supra*, the Court has only been able to review excerpts of the report because no party provided the rest of it. (ECF No. 125-7.)

of the plane crash giving rise to this case. But implicit in Elliker Children's response to the Motion is a concession that they will also have to prove at trial that Elliker would have used his ownership stake in Victory Woodworks to support them, along with presenting evidence about the amount and duration of that support. Some work remains for Elliker Children at trial to show Elliker would have generated wealth from his ownership of Victory Woodworks that he would have 'probably' used to support them. Said otherwise, Pimentel's report goes to one part of two types of income or wealth Elliker may have used to support them. But Pimentel's report appears sufficiently relevant such that the Court declines to exclude it at this time.

Moreover, both parties rely on *Alsenz v. Clark Cnty. Sch. Dist.*, 864 P.2d 285, 287 (Nev. 1993) to support their arguments, but it does not determinatively favor either side as to the Motion. However, dicta in that opinion supports Elliker Children's argument that Elliker's lost economic opportunities as a result of his death are relevant to their claimed "loss of probable support" damages. *See id.* ("Moreover, subsection four states that the heirs have a right to recover for 'loss of probable support.' This element of damages translates into, and is often measured by, the decedent's lost economic opportunity."). That said, *Alsenz* does not exactly support Elliker Children's argument that they are entitled to some portion of the value of Victory Woodworks as damages either, because the discussion quoted immediately *supra* is best read as reasoning supporting the conclusion that "the estate's recovery cannot include lost economic opportunities of the decedent[.]" *Id.* That is not the situation here—Elliker Children contend they are Elliker's heirs, and they are relying on NRS § 41.085(4), not NRS § 41.085(5), the subsection at issue in *Alsenz*.

Indeed, the government's statement that "[t]here is no judicial authority construing the term 'loss of probable support' under Section 41.085(4) to include the estimated future value of an asset owned by a decedent" appears to be correct. (ECF No. 125 at 6.) *Alsenz* certainly does not undermine the validity of that statement. However, this could be the first case where a court—this Court—finds the term "loss of probable support" under Section

4

41.085(4) includes the estimated future value of an asset owned by a decedent. But contrary to the government's argument implied by this statement, in the event the Court were asked to make such a finding at or following the bench trial, its task would likely be to predict how the Nevada Supreme Court would rule, not necessarily to conclude such a finding was impossible because the Nevada Supreme Court had never expressly so held. *See, e.g.*, *U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) ("Our role is thus to 'predict how the state high court would resolve' the question in a published decision.") (citation omitted). Thus, the government's statement can both be true and not compel the Court to grant the Motion at this time.

The Court will accordingly deny the Motion. But "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the government's motion in limine (ECF No. 125) is denied.

It is further ordered that the government's motion to seal (ECF No. 127) is denied.

DATED THIS 23rd Day of June 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE