UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANET BROWN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS AND THIRD PARTY ACTION | Case No. 3:19-cv-00207-MMD-CSD<br><br>Member Cases:<br>3:19-cv-00383-MMD-WGC<br>3:19-cv-00424-MMD-WGC<br>3:19-cv-00418-MMD-WGC<br><br>ORDER |

## I.  SUMMARY

This consolidated case arises from a fatal plane crash at the Reno-Tahoe International Airport ("RNO"). Plaintiffs[1] sued the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671-2680, alleging that the negligence of Federal Aviation Administration ("FAA") air traffic controllers at RNO was the sole cause of the crash. The Court found that the government prevailed in an order issued following a bench trial. (ECF No. 177 ("Bench Order").) Before the Court are the Elliker Parties' (ECF No. 180) and the Brown Parties' (ECF No. 184) motions to amend the Bench Order based on purported manifest errors of fact and law.[2] Because the Court

---

[1]Plaintiffs are the Brown Parties, consisting of Janet Brown, Laura Melendez, John Bradley Brown, the estate of John Brown aka Johnny Brown, and Flying Start Aero, LLC (ECF No. 170 at 1-2), and the Elliker Parties, consisting of Jocelyn Elliker, Carrie Romo, as the parent and guardian ad litem for B.E., Megan Romo Elliker, individually and as the Executor of the Estate of James Elliker, Dustin Elliker, and Katelynn Hansen (ECF No. 171 at 1). The Court refers to the two sets of Plaintiffs as the Brown Parties and the Elliker Parties herein.

[2]The government responded (ECF Nos. 191, 192), and Plaintiffs replied (ECF Nos. 194, 196). Both sets of Plaintiffs joined the other set's motion. (ECF Nos. 185, 189, 197, 198.)

does not find it made any manifest errors of fact or law in the Bench Order, the parties merely reiterate in the pending motions arguments that the Court expressly considered and rejected in the Bench Order, and as further explained below, the Court will deny both pending motions.

**II.  DISCUSSION**

Both the Elliker and the Brown Parties move under Federal Rules of Civil Procedure 52(b) and 59. (ECF Nos. 180 at 2, 184 at 2.) Rule 52(b) provides in pertinent part, "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." *Id.* Rule 59 permits the Court to grant a new trial on some or all of the issues it ruled on at trial, including, as pertinent here, following a timely motion to alter or amend judgment. *See* Fed. R. Civ. P. 59(e). "A district court generally should not grant a Rule 59(e) motion in the absence of 'newly discovered evidence,' 'clear error,' or 'an intervening change in the controlling law.'" *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). In addition, Rule 59(e), "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995)).

In their pending motions, Plaintiffs do nothing more than relitigate old matters. They do not point to any new evidence or change(s) in controlling law—and the Court does not find that it clearly erred. The Court will accordingly deny both motions.

More specifically, the Elliker Parties' motion focuses on their extensively litigated contention that Air Traffic Controller Nicoll was responsible for the fatal plane crash because he did not say 'maintain visual separation' at the end of his pertinent conversation with the pilot, Brown. (ECF No. 180.) But contrary to the Elliker Parties' repeated contention in their motion that the Court 'overlooked' this detail, the Court made explicit factual and legal findings about it. (ECF No. 177 at 11-16, 18-20.) Indeed, as the

1  government argues, the Elliker Parties' argument that the Court overlooked the main
2  argument they make in their pending motion is frivolous, or at least an attempt to obscure
3  the fact that they are merely reiterating arguments the Court rejected in the Bench Order.
4  (ECF No. 191 at 11.)

5  The Court did not overlook Nicoll's omission in the Bench Order but instead
6  explained why the omission did not change the outcome of the case. In fact, the Court
7  even noted in the Bench Order that Elliker Parties were making—and the Court was
8  rejecting—the same arguments they raise in their pending motion. (ECF No. 177 at 11
9  (describing it as one of the 'major disputes' between the parties), 18-20.) Thus, the Elliker
10 Parties' argument that the Court overlooked the fact that Nicoll did not say 'maintain visual
11 separation' and the conclusions the Elliker Parties wished followed from that omission is
12 beyond unpersuasive—it is frustrating. The Court simply was not persuaded by the Elliker
13 Parties' theory of the case. The Court does not find that it manifestly erred warranting
14 reconsideration in the Bench Order.

15 The Elliker Parties also attempt to factually distinguish some of the caselaw upon
16 which the Court relied in the Bench Order and miss the point in doing so. (ECF No. 180 at
17 14-15.) As the Court explained in the Bench Order, the Court reads these cases to suggest
18 that it may consider the context surrounding the air traffic controller's interactions with the
19 pilot in determining whether the air traffic controller was negligent, which directly
20 contradicts the Elliker Parties' theory of the case—reiterated in the motion—that Nicoll is,
21 essentially, strictly liable for the plane crash because he did not say, 'maintain visual
22 separation' in contravention of the air traffic control manual. (ECF No. 177 at 17-20.) Said
23 otherwise, the Court finds—and found—the Elliker Parties' theory of the case insufficiently
24 supported by the pertinent law. The Court did when it issued the Bench Order, and it does
25 now.

26 For their part, the Brown Parties focus in their motion on their extensively litigated
27 contention before and at trial that when Brown reported he saw an airliner Nicoll warned
28

him about, he was looking at UPS Flight 9706, not FedEx Flight 1359. (ECF No. 184.) The Court thoroughly considered and rejected this theory in the Bench Order. (ECF No. 177 at 4-10, 18, 20-21.) The Brown Parties attempt to couch their argument in their pending motion in terms of the difference between for and to, arguing that the Court misread 'for,' meaning a plane headed for the right-hand runway in the transcript of Brown's communications with the RNO air traffic control tower, to mean 'to,' or a plane 'off to his right.' (ECF No. 184 at 2-3.) They argue this is a critical mistake of fact that infects the whole Bench Order with error. (*Id.* at 8-11.) The Court disagrees.

To start, the Brown Parties' argument in their pending only matters to the extent it could convince the Court to reconsider its decision in the Bench Order that Brown saw FedEx Flight 1359, not UPS Flight 9706—as the Brown Parties would have liked the Court to find in the Bench Order and would still like it to find in their pending motion. But the Court stands by its conclusion that Brown saw FedEx Flight 1359, not UPS Flight 9706, based on the evidence admitted at trial, and for the reasons explained in the Bench Order. (ECF No. 177 at 4-10, 18, 20-21.) Thus, the Brown Parties' argument about the distinction between 'for' and 'to' is a red herring. No amount of bolding or italicization could convince the Court otherwise.

In addition, the Court did not, as the Brown Parties state (ECF No. 184 at 3), misquote the transcript in the Bench Order. (ECF No. 177 at 6 ("Brown reported: 'and tower five charlie alpha got a visual on the airliner for the for the right.'").)

But more importantly, the Brown Parties ignore in their motion the totality of circumstances the Court relied upon in the Bench Order to support its conclusion that Brown saw FedEx Flight 1359, not UPS Flight 9706. (ECF No. 177 at 4-10, 18, 20-21.) Indeed, the Court spent several pages laying out the factual evidence that led it to its conclusion. (*Id.* at 6-10.) What Brown said on the transcript is only one piece of evidence that the Court relied on in reaching its conclusion. (*Id.*) So even if the Court misunderstood the meaning of Brown's words in the 16-word phrase the Brown Parties' motion relies on,

any such misunderstanding would not fatally undermine the validity of the Court's ultimate conclusion. The weight of the evidence presented at Trial convinced the Court that Brown saw FedEx Flight 1359, but inexplicably, and tragically, followed it too closely. Nothing in the Brown Parties' motion convinces the Court it clearly erred to warrant reopening the judgment or holding further proceedings.

In sum, Plaintiffs seek nothing more in their pending motions than "the forbidden 'second bite at the apple.'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Both pending motions are denied.

### III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and has determined they do not materially affect the outcome of the pending motions.

It is therefore ordered that the Elliker Parties' motion to amend (ECF No. 180) is denied.

It is further ordered that the Brown Parties' motion to amend (ECF No. 184) is denied.

This case remains closed.

DATED THIS 15th Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE