1
2
3                    UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5                                  * * *
6   JANET BROWN, *et al.*,                    Case No. 3:19-cv-00207-MMD-CSD
7                          Plaintiffs,              Member Cases:
                                                3:19-cv-00383-MMD-WGC
8          v.                                   3:19-cv-00424-MMD-WGC
                                                3:19-cv-00418-MMD-WGC
9   UNITED STATES OF AMERICA,
                                                        ORDER
10                          Defendant.
   _____
11  AND CONSOLIDATED ACTIONS AND
    THIRD PARTY ACTION
12

13          This consolidated case arises from a fatal plane crash at the Reno-Tahoe

14  International Airport ("RNO"). Plaintiffs[1] sued the United States of America under the

15  Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671-2680, alleging that

16  the negligence of Federal Aviation Administration ("FAA") air traffic controllers at RNO was

17  the sole cause of the crash. The Court found that the government prevailed in an order

18  issued following a bench trial. (ECF No. 177 ("Bench Order").) However, the United States

19  Court of Appeals for the Ninth Circuit reversed the Court's no-breach finding in the Bench

20  Order and remanded for the Court to reconduct its causation analysis. (ECF No. 215

21  ("Memo Dispo") at 2.) Before the Court is the parties' joint status report offering competing

22  proposals for next steps in this case consistent with the Memo Dispo. (ECF No. 218.) As

23

24          [1]Plaintiffs are the Brown Parties, consisting of Janet Brown, Laura Melendez, John
25  Bradley Brown, the estate of John Brown aka Johnny Brown, and Flying Start Aero, LLC
    (ECF No. 170 at 1-2), and the Elliker Parties, consisting of Jocelyn Elliker, Carrie Romo,
26  as the parent and guardian ad litem for B.E., Megan Romo Elliker, individually and as the
    Executor of the Estate of James Elliker, Dustin Elliker, and Katelynn Hansen (ECF No.
27  171 at 1). The Court refers to the two sets of Plaintiffs as the Brown Plaintiffs and the
    Elliker Plaintiffs herein.
28

further explained below, the Court will mostly adopt Plaintiffs' proposal, but will decide later whether to hold oral argument on causation and an evidentiary hearing on more recent damages.

To start, the parties agree that they should submit briefing and new proposed findings of fact and conclusions of law consistent with the Memo Dispo 60 days from the date this order is entered. The Court adopts that stipulation.

However, the parties disagree as to the sequencing and content of the briefing. Plaintiffs seek a more typical briefing schedule including argument on additional damages along with oral argument and an evidentiary hearing totaling about a day of court time. (*Id.* at 2-4.) The United States seeks a simultaneous briefing schedule with larger page limits than Plaintiffs propose, leaves the question of oral argument up to the Court, and argues the rule of mandate precludes the Court from further considering the question of damages. (*Id.* at 4-5.) And the United States concludes, "if the Court reinstates its finding that Brown was the sole and proximate cause of the crash, then the issue of damages will be moot." (*Id.* at 6.)

The Court finds that Plaintiffs' proposal in terms of the sequencing of briefing and page limits is more reasonable than the United States, so the Court mostly adopts it. However, the parties' briefing should not address the issue of damages at this time because the Court agrees with the United States that the issue of damages may be moot if the Court reinstates its finding that Brown was the sole and proximate cause of the crash after reconducting its causation analysis in line with the Memo Dispo. That said, the Court may reopen the issue of damages if the Court finds Nicoll's breach of his duty (ECF No. 215 at 5-6) either caused or contributed to the fatal crash. Thus, the Court rejects the United States' narrow view of the rule of mandate but nevertheless defers further addressing damages issues unless and until it becomes necessary—in which case the Court will either set a hearing or direct additional briefing on it, or both. *See, e.g.*, *Nationstar Mortgage, LLC v. Sahara Sunrise Homeowners Ass'n*, Case No. 2:15-cv-

01597-MMD-NJK, ECF No. 133 (D. Nev. Jan. 20, 2022) (reversing and remanding this Court for too narrowly construing the rule of mandate).

It is therefore ordered that, within 60 days of the date of the entry of this order, Elliker Plaintiffs and Brown Plaintiffs must submit separate Opening Briefs of no more than 15 pages on the issue of causation along with proposed Findings of Fact and Conclusions of Law of no more than 15 pages.

It is further ordered that, within 30 days after opening briefs are filed, the United States must file separate Opposition briefs to the Brown Plaintiffs and the Elliker Plaintiffs' filings of no more than 15 pages each on the issue of causation with Proposed Findings of Fact and Conclusions of Law of no more than 15 pages each (or 30 pages for the opposition brief and Proposed Findings of Fact and Conclusions of Law if a collective opposition is filed by the United States).

It is further ordered that, within 15 days after opposition briefs are filed, the Elliker Plaintiffs and the Brown Plaintiffs must separately submit a reply brief of no more than 10 pages for each brief that only addresses issues raised by the United States in its briefing and Proposed Findings of Fact and Conclusions of Law.

It is further ordered that the Court will determine whether to set oral argument on causation after reviewing the parties' written submissions described above.

It is further ordered that the Court will determine whether to hold an evidentiary hearing on damages since the trial concluded at a later date as well.

DATED THIS 30th Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE